IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

v.

FRITZ A. MURRAY,

                                  Defendant.

REPORT AND
RECOMMENDATION

09-cr-73-bbc

_____

## REPORT

The grand jury has charged defendant Fritz A. Murray with knowingly and unlawfully possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §922(g)(9). Before the court are the parties' competing motions in limine on what level of *scienter* the government must prove to establish the charged offense. Although such motions normally are resolved by the district judge at the final hearing the Thursday before trial, Murray has asked for a report and recommendation so that he has an early indication from the court what to expect at trial.

Murray argues that the government must prove that he knew it was unlawful for him to possess a firearm. See Defendant's Motion in Limine, Dkt. 11. The government argues that it only must prove that Murray knew he possessed the firearm and that Murray's knowledge of the law is irrelevant. *See* Government's Motion in Limine, Dkt 10. The government is correct: it does not need to prove that Murray knew it was illegal for him to possess a shotgun.

Although the parties' competing motions raise only a question of law, Murray has offered an extensive factual proffer, perhaps to educate the court regarding his perception of the equities involved. Murray reports that he has been an airline pilot for about thirty years. On June 9, 1992 Murray was convicted in La Crosse County Circuit court on one count of battery and one count of endangering safety by use of a weapon. As part of his sentence Murray was prohibited from possessing any weapons except that the court allowed him to "go deer hunting." About four years

later, on September 30, 1996, Congress enacted the statute charged against Murray in this case. More than five years later, following the September 11, 2001 terrorist attacks, the United States Department of Homeland Security asked Murray, through his employer, Wisconsin Air, if he wished to participate in the Federal Flight Deck Officer Program, an aspect of which would have allowed Murray to possess a firearm while performing flight duties as a pilot. Murray did not seek to participate in the program. On September 22, 2005, a woman called police to Murray's residence in La Crosse County and claimed that Murray was drunk, cursing, and had thrown a cat onto the floor. Murray was arrested, then released on conditions, one of which was that he surrender any weapons he possessed. On October 5, 2005, Murray surrendered to the sheriff's department the shotgun now charged against him in the federal indictment. Murray currently is in the Army ready reserves after having served in Viet Nam in the 1970s and then the active reserves. No one from the Army ever has told Murray that he is ineligible to bear arms; to the contrary, Murray inferred from his continued participation in the reserves that he was allowed to do so.

Perhaps these facts are relevant to whether the government should have charged Murray with a § 922(g)(9) violation in the first place, but they are irrelevant to the dispute actually presented by the competing motions. Judges do not possess and should not attempt to exercise prosecutorial discretion, which is entrusted to the Executive Branch. *In Re United States*, 572 F.3d 301, 312 (7th Cir. 2009). The question before the court is whether § 922(g)(9) requires the government to prove that Murray knew that he was a prohibited person. It does not.

In *United States v. Wilson*, 159 F.3d 280 (7th Cir. 1998) this question was raised in the context of a prosecution under § 922(g)(8) which criminalizes firearm possession by people under certain types of restraining orders, arguably an even less intuitive prohibition. Noting that this was a "relatively new and obscure" portion of § 922, the court nonetheless held that

> To the extent that Wilson is arguing that he was unaware of the law and that his conviction therefore cannot stand, he is also incorrect. The traditional rule in American jurisprudence is that ignorance of the law is no defense to a criminal prosecution. . . . Wilson has not shown that the present statute falls into an exception to this general rule, . . . and the fact that he was unaware of the existence of § 922(g)(8) does not render his conviction erroneous.

*Wilson*, 159 F.3d at 289.

The court also rejected the defendant's claim that because he had no notice of the law charged against him, he was unable to form the requisite mens rea to violate it. The court held that § 924(a)(2)'s requirement that a defendant knowingly violate § 922(g)(8) only required proof that the defendant knew the facts that constituted the offense. It did not require the government to prove a culpable state of mind. The court found unavailing defendant's attempt to import the higher mens rea requirement deemed necessary in *Staples v. United States*, 511 U.S. 600, (1994) to prove the unlawful possession of a machine gun in violation of 28 U.S.C. § 5861(d). Because § 5861(d) did not contain an explicit mens rea requirement, the statute appeared to impose strict liability for the possession of otherwise lawful firearms whose contraband nature was not readily apparent. The Court inferred from Congress's silence regarding mens rea that Congress had intended the statute to require knowledge of the firearm's contraband nature. *Id.* at 619-20. In contrast § 922(g) *does* require a specific state of mind, which means that there is no need to tack on a higher level of scienter than Congress could have intended. *Wilson*, 159 F.3d at 288-89.

Other circuits have reached the same conclusion. *See, e.g., United States v. Matthews*, 498 F.3d 25, 31-32 (1st Cir. 2007)(trial court erred by requiring government to prove defendant's specific intent to violate § 922(g)(1)); *United States v. Gilbert*, 430 F.3d 215, 218-19 (4th Cir. 2005) (no specific intent requirement for § 922(g)(1) ); United States v. Griffin, 389 F.3d 1100, 1104 (10th Cir. 2004)("Conviction under § 922(g)(1) therefore does not require proof that a defendant knew that he was prohibited from possessing a firearm"); *United States v. Hancock*, 231

F.3d 557, 562-63 (9th Cir. 2000)("We decline to read the element of actual knowledge of the statute into 18 U.S.C. § 922(g)(9)"); *United States v. Rodriguez*, 132 F.3d 208, 211 (5th Cir. 1997)("a defendant need not have knowledge of the law to violate the firearms statute 'knowingly'").

Murray's citation to *United States v. Kitsch,* 2008 WL 2971548 (E.D. Pa. 2008) does not stem this tide of cases supporting the government's position. First, it is an unpublished opinion from a district court in another judicial circuit and therefore has no precedential value. Second, the court's actual holding in *Kitsch,* after lengthy dicta as to the reach of the "knowingly" requirement in § 922(g)(1), is that the government had to prove beyond a reasonable doubt that the defendant "knew or was willfully blind to the fact that he had a prior felony conviction that had not been set aside or expunged." *Id.* at *7. This was a fact dispute, not a question of law. To the extent that the court's holding in *Kitsch* could be analogized to Murray's situation (Murray, like Kitsch, claims that he did not know he was a prohibited person), it is contrary to the law of this circuit set forth in *United States v. Wilson*, 159 F.3d 280.

It is unavailing for Murray to argue that failure to require proof of a knowing violation creates a strict liability offense. *See* Reply Brief, dkt. 20, at 2-3. Apart from *Staples*, discussed above, Murray cites cases in which the Court held that the government's burden of proving a defendant's knowledge was broader than the government wanted it to be. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, (1994)(child pornography); *Liparota v. United States*, 471 U.S. 419, 427 (1985)(food stamp fraud); *Flores-Figueroa v. United States*, ___ U.S. ____, 129 S.Ct. 1886,1891 (2009)( aggravated identity theft). In these cases, the court found that knowledge requirement should apply to each element of the offense that criminalized otherwise innocent conduct. *X-Citement Video, Inc..* 513 U.S. at 72. For instance, in *Liparota*, the Court noted that one of the elements of the offense was that the defendant's transfer of food stamps be done "in any manner not authorized by law;" hence, this *was* that rare case where, by virtue of the elements

of the offense, a defendant's ignorance of food stamp law was a defense to the charge. 471 U.S. at 433. On the other hand, Justice Alito's concurrence in *Flores-Figueroa* cites statues in which the adverb "knowingly" does not carry through to every element of the offense. 129 S.Ct. at 1895-96 (Alito, J., concurring). In other words, how far the adverb "knowingly" reaches into the elements of an offense depends on the circumstances.

But none of this actually advances Murray's argument in the instant case because he is not claiming that he was unaware of the facts in his case that constitute the elements of a § 922(g)(9) offense (that he had a misdemeanor conviction involving an element of domestic violence and that he later possessed a shotgun). Rather, Murray is arguing that he did not know that this constellation of facts constituted a crime, and therefore, he is innocent. Essentially, Murray is asking this court to import into § 922(g) a scienter element reserved for willful violations of complicated statutory schemes like the tax code and money laundering statutes. *Compare United States v. Murphy*, 469 F.3d 1130, 1137-38 (7th Cir. 2006)(proving a defendant's willful failure to file a tax return requires the government to prove the voluntary and intentional violation of a known legal duty) with *United States v. Brandt*, 546 F.3d 912, 916 and 916 n.2 (7th Cir. 2008) (noting in dicta in a false statement prosecution that "every other circuit to discuss the issue has rejected the notion that ignorance of the law negates willfulness under [18 U.S.C.] § 1001"). Murray's request far exceeds the level of scienter the court is required to prove in this case.

This court is sensitive to the constitutional concerns raised by the Court's decision in *District of Columbia v. Heller*, ___ U.S. ___, 128 S.Ct. 2783 (2008). *See, e.g., In re United States*, ___ F.3d ___, 2009 WL 2475139 (10th Cir. 2009). But as the Court noted in *Heller*, "like most rights, the right secured by the Second Amendment is not unlimited." 128 S.Ct. at 2816-17 and 2817 n.26. Nothing in *Heller* bolsters Murray's argument about the level of mens rea the government must prove to establish the charged violation.

RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B) and for the reasons stated above, I recommend that this court DENY defendant Fritz Murray's motion to in limine and GRANT the government's motion in limine regarding the burden of proof

Entered this 21st day of September, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
120 N. Henry Street, Rm. 540
Post Office Box 591
Madison, Wisconsin 53701

Chambers of
STEPHEN L. CROCKER
U.S. Magistrate Judge

Telephone
(608) 264-5153

September 22, 2009

Laura Przybylinski Finn
Assistant United States Attorney
660 West Washington Avenue, #303
Madison, WI 53703

Corey C. Chirafisi
Chirafisi Law Office, S.C.
10 E. Doty Street, Suite 701
Madison , WI 53703

  Re: United States v. Fritz A. Murry
    Case No. 09-cr-73-bbc

Dear Counsel:

  The attached Report and Recommendation has been filed with the court by the United States Magistrate Judge.

  The court will delay consideration of the Report in order to give the parties an opportunity to comment on the magistrate judge's recommendations.

  In accordance with the provisions set forth in the memorandum of the Clerk of Court for this district which is also enclosed, objections to any portion of the report may be raised by either party on or before September 29, 2009, by filing a memorandum with the court with a copy to opposing counsel.

  If no memorandum is received by September 29, 2009, the court will proceed to consider the magistrate judge's Report and Recommendation.

          Sincerely,
          /s/ Melissa Hardin for
          Connie A. Korth
          Secretary to Magistrate Judge Crocker

Enclosures
cc: Honorable Barbara B. Crabb, District Judge

MEMORANDUM REGARDING REPORTS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b), the district judges of this court have designated the full-time magistrate judge to submit to them proposed findings of fact and recommendations for disposition by the district judges of motions seeking:

    (1) injunctive relief;

    (2) judgment on the pleadings;

    (3) summary judgment;

    (4) to dismiss or quash an indictment or information;

    (5) to suppress evidence in a criminal case;

    (6) to dismiss or to permit maintenance of a class action;

    (7) to dismiss for failure to state a claim upon which relief can be granted;

    (8) to dismiss actions involuntarily; and

    (9) applications for post-trial relief made by individuals convicted of criminal offenses.

Pursuant to § 636(b)(1)(B) and (C), the magistrate judge will conduct any necessary hearings and will file and serve a report and recommendation setting forth his proposed findings of fact and recommended disposition of each motion.

Any party may object to the magistrate judge's findings of fact and recommended disposition by filing and serving written objections not later than the date specified by the court in the report and recommendation.  Any written objection must identify specifically all proposed findings of fact and all proposed conclusions of law to which the party objects and must set forth

with particularity the bases for these objections. An objecting party shall serve and file a copy of the transcript of those portions of any evidentiary hearing relevant to the proposed findings or conclusions to which that party is objection. Upon a party's showing of good cause, the district judge or magistrate judge may extend the deadline for filing and serving objections.

After the time to object has passed, the clerk of court shall transmit to the district judge the magistrate judge's report and recommendation along with any objections to it.

The district judge shall review de novo those portions of the report and recommendation to which a party objects. The district judge, in his or her discretion, may review portions of the report and recommendation to which there is no objection. The district judge may accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and conclusions. The district judge, in his or her discretion, may conduct a hearing, receive additional evidence, recall witnesses, recommit the matter to the magistrate judge, or make a determination based on the record developed before the magistrate judge.

**NOTE WELL: A party's failure to file timely, specific objections to the magistrate's proposed findings of fact and conclusions of law constitutes waiver of that party's right to appeal to the United States Court of Appeals.** *See United States v. Hall,* 462 F.3d 684, 688 (7th Cir. 2006).