

U.S. Department of Justice

*Office of the*
*United States Attorney*
*Western District of Wisconsin*

Telephone 608/264-5158
TTY 608/264-5006
Main Facsimile 608/264-5172
Criminal Division Facsimile 608/264-5054
Civil Division Facsimile 608/264-5724
Administrative Facsimile 608/264-5183

*Address:*
Suite 303, City Station
660 West Washington Avenue
Madison, Wisconsin 53703

*Mailing Address:*
United States Attorney's Office
P.O. Box 1585
Madison, Wisconsin 53701-1585

September 23, 2009

Attorney Corey C. Chirafisi
Chirafisi Law Office Inc
10 E. Doty Street, #701
Madison, Wisconsin 53703-3391

*PE*
*9/29/09*

> Re:  *United States v. Fritz A. Murray*
> Case No. 09-CR-73-bbc

Dear Mr. Chirafisi:

This is the proposed plea agreement between the defendant and the United States in this case.

1.  The defendant agrees to plead guilty to the one-count indictment in this case. This count charges a violation of Title 18, United States Code, Section 922(g)(9) which carries maximum penalties of 10 years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2.  The defendant has filed a motion *in limine* in this case. (Docket No. 11). If the Court denies this motion, the United States consents, pursuant to Rule 11(a)(2), Federal Rules of Criminal Procedure, to the defendant pleading guilty conditionally, reserving the right to have the Court of Appeals review an adverse determination of the motion. If the Court grants the defendant's motion, the United States agrees that he may then withdraw his plea. In addition, consistent with Rule 11(a)(2), if the defendant prevails on appeal, he may also then withdraw this plea.

3.  The defendant acknowledges, by pleading guilty, that he is giving up the following rights:  (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to

be represented by counsel—and if necessary have the Court appoint counsel—at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. The defendant understands that: (a) there may be evidence in this case that could be subjected to DNA testing; and (b) he could petition the District Court under 18 U.S.C. § 3600 for DNA testing of evidence after conviction in this case. By his signature below, the defendant knowingly and voluntarily waives his right to post-conviction DNA testing of all evidence in this case.

5. The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full file available to the Probation Office for its use in preparing the presentence report.

6. The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before September 25, 2009.

7. The parties further agree to recommend to the Court based on presently available evidence, that in calculating the advisory sentencing guidelines, § 2K2.1 (b)(2) applies to this case because the defendant possessed the firearm solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use the firearm.

8. The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant also agrees that the probation office may disclose to the United States the net worth and cash

flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

9.      In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

10.     The defendant understands that sentencing discussions not specifically stated in this plea agreement are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

11.     If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

Very truly yours,

STEPHEN P. SINNOTT
Acting United States Attorney

By:

LAURA A. PRZYBYLINSKI FINN
Assistant United States Attorney

9/29/09
Date

x _Sept 29th 2009_
Date

9/29/09
Date

COREY C. CHIRAFISI
Attorney for the Defendant

x FRITZ A. MURRAY
Defendant

Enclosure