IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                        OPINION AND ORDER

            Plaintiff,

                                        09-cr-73-bbc

    v.

FRITZ A. MURRAY,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Fritz A. Murray has moved for dismissal of the indictment charging him with a violation of 18 U.S.C. § 922(g), which prohibits the possession of a firearm by anyone convicted of misdemeanor domestic violence. Although defendant pleaded guilty to the § 922(g) charge on September 29, 2009, and did not reserve his right to challenge the indictment at that time, he has now moved the dismiss the indictment on the ground that 18 U.S.C. § 922(g) violates his rights under the Second Amendment.

      The government opposes the late challenge and contends that defendant has no viable ground on which to argue the unconstitutionality of § 922(g) as it applies to him. I agree with the government that defendant's challenge comes too late to be considered and that even if it were timely, it would not be granted.

1

BACKGROUND

A. <u>Proceedings in Federal Court</u>

In March 2006, defendant was charged by the grand jury with possession of a double barrel shotgun after having been convicted of a misdemeanor offense of domestic violence. He entered a plea of not guilty. A short while later, the indictment was dismissed by the government to allow defendant to continue his employment until retirement so that he could secure his pension. He was re-indicted on May 12, 2009 of the same charge and entered a plea of not guilty on June 11, 2009. Defendant filed a motion to require the government to prove that he knew that he was prohibited from owning a gun; the government filed its own motion, arguing that defendant had to know only that he possessed a gun. The magistrate judge recommended that the court deny defendant's motion and grant the government's. The recommendation was adopted by the court on September 29, 2009, the same day on which defendant entered a plea of guilty to the charge. Defendant did not reserve any right to challenge the indictment, although <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008), had been decided the previous year and counsel was aware that the decision confirmed the Second Amendment's establishment of a personal right to keep and bear arms for the purpose of self-defense.

Defendant's sentencing was scheduled for December 9, 2009. On November 18, 2009, a panel of the Court of Appeals for the Seventh Circuit decided <u>United States v.</u>

2

Skoien, 587 F.3d 803 (7th Cir. 2009), a case involving a person charged with the same § 922(g)(9) crime of possession of a firearm by a person convicted of misdemeanor domestic violence. The court held that, under Heller, it was the government's burden to establish the legitimacy of § 922(g)(9) by showing that the statute "serves an important government interest and the means it employs are substantially related to the achievement of that interest. Id. at 805. On November 24, 2009, I entered an order staying defendant's sentencing indefinitely and directing the government to show cause why the indictment against defendant should not be dismissed. Briefing on that issue was later stayed to await the court of appeals' decision on a petition for an en banc rehearing of Skoien.

The court of appeals granted the government's motion for an en banc hearing and issued its opinion on July 13, 2010, holding that § 922(g)(9) was generally valid against a Second Amendment challenge. This court then set defendant's sentencing for August 16, 2010. On August 10, 2010, defendant moved for the first time to dismiss the indictment. Sentencing was continued again and the parties briefed the motion, which is now ready for decision. Defendant alleged the following grounds in support of his challenge to the indictment:

    1. He was never informed of the federal restriction and had no reason to think that it would apply to him;

    2. He turned over his firearm when law enforcement officers came to his house to

3

investigate the domestic violence report and he never took it out, much less used it in any way at the time of the incident;

3. <u>Heller</u> requires an individualized, case-specific analysis of the constitutionality of § 922(g)(9);

4. The prohibition against the possession of firearms by persons convicted of domestic violence misdemeanors is not the kind of long standing prohibition that <u>Heller</u> said disqualified persons from the Second Amendment right to bear arms for self- defense;

5. The court should apply strict scrutiny in deciding whether § 922(g)(9) violates defendant's Second Amendment right; if it does, the result will be a conclusion that § 922(g)(9) is unconstitutional as applied to defendant because it is not narrowly tailored to serve a compelling interest that cannot be achieved by less restrictive means;

6. At the least, the court should apply intermediate scrutiny and determine whether § 922(g)(9) advances important governmental interests unrelated to the suppression of the underlying right to keep and bear arms while not substantially burdening the right more than necessary to further those important governmental interests; and

7. Defendant falls within the category of persons that the court of appeals did not rule on: persons convicted of domestic violence misdemeanors who have been law abiding for an extended period of time.

B. The Charge against Defendant

The federal charge against defendant rests on a domestic violence conviction in the Circuit Court for La Crosse County on June 9, 1992. At that time, he was told that as a condition of his probation, he could not possess any guns but he was allowed to hunt deer. He was not told of any potential federal prohibitions because the one at issue was not enacted until 1996. He came to the attention of law enforcement when he was charged again for disorderly conduct-domestic in September 2005, after a domestic disturbance. Law enforcement officers responded to a telephone call for assistance from defendant's residence on September 22, 2005, at about 9:00 p.m. When they arrived, they discovered defendant, intoxicated and arguing with his girl friend at the time, Georgeann Bringe. According to Bringe, defendant had not only argued with her but had thrown a cat on the floor and sworn at her. Defendant was arrested and booked into the La Crosse County jail, where he posted a cash bond condition on having no contact with Bringe. At 11:00 that night, he called Bringe and told her he had to be out of the house by 7 the next morning. About two hours later, Bringe woke to find the defendant standing in her bedroom. He left the house by 7 the next morning. To comply with an additional condition of bail, defendant turned over the double barrel shotgun he kept in his residence that became the basis for the § 922(g) charge.

OPINION

A. <u>Waiver of Right to Challenge Indictment</u>

Fed. R. Crim. P. 12(b) allows criminal defendants to file pretrial motions raising matters that can be determined without a trial. Subsection (3) of the rule specifies that certain motions *must* be filed before trial, such as motions alleging a defect in instituting the prosecution, to suppress evidence or to sever charges or defendants. Subsection (B) of that subsection carves out an exception: "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." <u>Id.</u> The Advisory Committee Notes to the 1944 version of the rule set out in subsection (b)(3) explain that the rule requires "the motion [alleging a defect in the indictment or information] to be made before pleading, [but] vests discretionary authority in the court to permit the motion to be made within a reasonable time thereafter."

Defendant's contention that the indictment fails to state an offense against him falls into the category of nonwaivable offenses that *may* be heard after trial (or after entry of a guilty plea). The late filing raises the question whether the court should exercise its discretion to hear the motion more than a year after defendant entered his plea of guilty.

A review of the grounds listed by defendant in support of his motion shows that most of them could have been raised at the time he was indicted. He knew then that he had been unaware of the federal restriction (ground 1), and that he had turned over the gun

6

voluntarily when the police asked him to and had not used it in connection with the incident (ground 2). He could have argued before pleading that <u>Heller</u> requires an individualized, case-specific analysis of the constitutionality of § 922(g)(9) (ground 3), and that the prohibition against the possession of firearms by persons convicted of domestic violence misdemeanors is not the kind of long standing prohibition that <u>Heller</u> said disqualified persons from the Second Amendment right to bear arms for self- defense (ground 4).

Also, defendant could have argued that the court should apply strict scrutiny in deciding whether § 922(g)(9) violates defendant's Second Amendment right and that if it did, the result would be a finding that § 922(g)(9) is unconstitutional as applied to defendant because it is not narrowly tailored to serve a compelling interest that cannot be achieved by less restrictive means (ground 5). It would have been natural to make the backup argument that if the court would not apply strict scrutiny, it should at least apply intermediate scrutiny and determine whether § 922(g)(9) advances important governmental interests unrelated to the suppression of the underlying right to keep and bear arms while not substantially burdening the right more than necessary to further those important governmental interests (ground 6). Discussions of these points were ongoing in the law reviews and in judicial opinions before defendant entered his plea.

It might have been more of a stretch for defendant to make the argument that the court of appeals mentioned in the en banc decision in <u>Skoien</u>, which is that the total

7

exclusion on gun possession in § 922(g)(9) goes too far if it applies to persons convicted of domestic violence misdemeanors who have been law abiding for an extended period of time. Stretch or not, nothing prevented him from making it before he decided to enter his plea.

In short, defendant has not shown that he had any reason to wait to challenge the indictment until almost a year after he entered his plea of guilty and only four days before his scheduled sentencing. In this circumstance, there seems little reason to exercise my discretion to hear the untimely motion. United States v. George, 403 F.3d 470, 472 (7th Cir. 2005) (proper for district judge to exercise discretion not to hear claim that indictment failed to state an offense when motion was made only two weeks before sentencing, after defendant had agreed that his plea of guilty would waive all matters that could have been raised by pretrial motion and challenge rested on misunderstanding of legal basis for charge).

Even if the motion were timely, it would not succeed. Except for the last point that defendant makes, which is that the indictment is defective because it charges an act that is not criminal under Heller, given defendant's mostly law abiding life, the Court of Appeals for the Seventh Circuit has ruled against him on all of the grounds that defendant cites in support of the motion. Skoien, 614 F.3d 638.

It is true that in Skoien, the court of appeals left open the question whether "a misdemeanant who has been law abiding for an extended period must be allowed to carry guns again, even if he cannot satisfy [18 U.S.C.] § 921(a)(33)(B)(ii)." Id. at 645. Section

8

921(a)(33)(B)(ii) provides that persons are not considered domestic violence misdemeanants if their convictions have been expunged or set aside or if the person has been pardoned or had civil rights restored. It does not apply if the "pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive guns." Defendant says that his 1992 conviction was vacated *nunc pro tunc* but the vacation did not occur until after he was convicted in this case. The § 921(a)(33)(B)(ii) exception does not exempt him from prosecution.

Defendant argues that he falls into the category of "law abiding for an extended period of time," Skoien, 614 F.3d at 645, because he went from 1992 until 2005 without ever coming to the attention of law enforcement for any kind of domestic disturbance and because the conduct in which he engaged in 2005 involved no violence against his housemate. Even assuming that the court of appeals will decide eventually that the Second Amendment does not apply to misdemeanants who have been law abiding for an extended period of time, I would expect the court to impose clear standards for such a finding and not leave it up to each court to balance the deeds and misdeeds of any particular individual to decide whether he has been mostly law abiding. At a minimum, those standards would include not coming to the attention of law enforcement in connection with another domestic dispute.

It is true that defendant was never in trouble with the law between 1992 and 2005, but he broke that streak of good behavior when he created a domestic disturbance in

September 2005 that led to his arrest for domestic disorderly conduct. Bringe may not have been in imminent danger at the time she called for help, but defendant's willingness to throw a cat on the floor, his return to her bedroom in the middle of the night in violation of a condition of his release and his intoxication suggest that he was a definite threat to her. That the conduct did not amount to a misdemeanor crime of violence is beside the point; it suffices to show that defendant's conduct was not so exemplary that he should be exempt from the prohibitions of § 922(g)(9). Defendant's history of alcohol abuse would be further support for such a finding. As recently as November 2008, he was arrested for driving with an alcohol level of 0.21%.

## ORDER

IT IS ORDERED that defendant Fritz Murray's motion to dismiss the indictment against him is DENIED.

Sentencing in this case is rescheduled for 1:00 p.m., Friday November 5, 2010.

Entered this 26th day of October, 2010.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge